UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

'07 AUG 23 P1:43

CIVIL ACTION NO. 5:04CV-173-M

FILED
US DISTRICT COURT
WESTN. DIST. KY

ALVIN J. DOUGHTY                                          PLAINTIFF

VS.

TENNESSEE VALLEY TOWING, INC.                              DEFENDANT

JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff has proved his case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions,

1

or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means that the plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1)  Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or

circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

### OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

In this trial, these witnesses were, at times, asked hypothetical questions and they gave answers to such questions. In answering a hypothetical question, an expert witness must

accept as true every asserted fact stated therein, but this does not mean that you must. If you find that assumed facts are not proven, you should disregard the answer based on the hypothetical question.

## LIABILITY OF CORPORATIONS

The Defendant, Tennessee Valley Towing, Inc., is a corporation. The fact that it is a corporation should not affect your decision. All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

## II. RULES OF LAW

## INSTRUCTION NO. 1

### Jones Act

The Plaintiff, Alvin J. Doughty, claims damages under the Jones Act for personal injuries alleged to have been suffered as a result of negligence on the part of the Defendant, Tennessee Valley Towing, his employer.

The Jones Act permits any seaman who has suffered personal injury in the course of his or her employment to recover damages from his or her employer under conditions specified in these instructions. However, the Jones Act does not make the employer an insurer of the seaman. Negligence on the part of the employer is a prerequisite to recover under the Act.

To prevail on his Jones Act claim, the plaintiff must prove each of the following elements by a preponderance of the evidence:

**First**: the defendant was negligent; and

**Second**: the defendant's negligence was a cause of the plaintiff's injury.

### Negligence in Jones Act Claim

The Jones Act imposes on defendant, Tennessee Valley Towing, a duty to exercise reasonable care to provide the plaintiff with a reasonably safe place in which to work, reasonably safe conditions in which to work, and reasonably safe tools and equipment.

Negligence is the failure to use reasonable care. Reasonable care is that degree of care

which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably prudent person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

## Causation in Jones Act Claim

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

For an employer's negligence under the Jones Act, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.

The mere fact that an accident happened, standing alone, does not permit you to draw the inference that the accident was caused by anyone's negligence.

You will find for the Plaintiff, Alvin J. Doughty, on his Jones Act claim if you are satisfied by a preponderance of evidence that the Plaintiff proved all of the above elements. Otherwise, you will find for the Defendant, Tennessee Valley Towing.

# INSTRUCTION NO. 2

## Contributory Negligence

If you decide that the plaintiff has established by preponderance of the evidence that he is entitled to recover under the Jones Act negligence claim, then you must determine whether the plaintiff's own negligence was a cause of the plaintiff's injury or damage. For a plaintiff's contributory negligence under the Jones Act, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.

The defendant alleges that the plaintiff failed to comply with the duty imposed by law to use ordinary care under the circumstances for his own safety at the time and place in question and that such failure contributed one of the causes of any injuries and damages plaintiff may have suffered.

The burden is on the defendant who is alleging the defense of contributory negligence to establish by a preponderance of the evidence that plaintiff failed to comply with his duty and that such failure caused or contributed to the injuries plaintiff may have sustained.

You may not find contributory negligence on the part of the plaintiff, however, simply because he acceded to the request or direction of responsible representatives of his employer that he work at a dangerous job, or in a dangerous place, or under unsafe conditions.

If you find contributory negligence on the part of plaintiff, that will not prevent recovery by plaintiff, it only reduces the amount of plaintiff's recovery. In other words, if you find that this accident was due partly to the fault of the plaintiff, then you must determine

what percentage of the total fault is attributable to plaintiff. Such a finding would not prevent the plaintiff from recovering; the Court will merely reduce the plaintiff's total damages by the percentage that you insert.

## INSTRUCTION NO. 3

### Damages

If you find in favor of the plaintiff on the Jones Act negligence claim, then you will determine from the evidence and award the plaintiff such sum of money as you find by the preponderance of the evidence will fairly and reasonably compensate him for such of the following damages as you believe from the evidence he has sustained directly by reason of the injury:

1) mental and physical pain and suffering experienced in the past and which you find from the evidence he is reasonably certain to experience in the future;

2) reasonable expenses of medical care and treatment rendered to date;

3) past lost wages;

4) future lost wages, reduced to present value.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

One more thing about damages, **do not** reduce the total amount of damages you award to the plaintiff by the percentage of contributory negligence you assess against the plaintiff, if any. The Court will make these calculations if necessary.

# INSTRUCTION NO. 4

## Mitigation of Damages

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to mitigate those damages--that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

# INSTRUCTION NO. 5

## Present Value of Future Loss

If you should find that plaintiff is entitled to a verdict, and further find that the evidence in the case establishes a reasonable likelihood of loss of future earnings, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damage, since the award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date.

Under these circumstances, the result is that plaintiff will in effect be reimbursed in advance of the loss and so will have the use of money he would not have received until some future date but for the verdict.

In order to make a reasonable adjustment for the present use, interest free, of money representing a lump-sum payment of anticipated future loss, the law requires you to discount, or to reduce to its present worth, the amount of the anticipated future loss, by taking (1) the interest rate or return that plaintiff could reasonably be expected to receive on an investment of the lump-sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained.

Then reduce, or in effect deduct from, the total amount of anticipated future loss whatever that amount would be reasonably certain to earn or return if invested at such rate of interest over such future period of time. Include in the verdict an award only for the present worth– the reduced amount– of anticipated future loss.

## INSTRUCTION NO. 6

### Income Tax Effects of Award

Plaintiff will not be required to pay any federal or state income taxes on any amount that you award. You should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it.

## INSTRUCTION NO. 7

### Life Expectancy – Table of Mortality

The standard table of mortality that the Court has judicially noticed and received in evidence in this case may be considered by you in determining how long the claimant may be expected to live. According to the table of mortality, the life expectancy in this country of a male person 51 years of age is 27.1 years.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a given age and sex. That estimate is based upon a limited record of experience. The inference that may reasonably be drawn from life expectancy as shown by the table applies only to one who has the average health and exposure to danger of people of that age and sex.

In determining the reasonably certain life expectancy of Plaintiff, you should consider, in addition to what is shown by the mortality table, all other facts and circumstances in evidence in the case bearing upon the life expectancy of Plaintiff, including Plaintiff's occupation, habits, past health record and present state of health.

When considering life expectancy, in determining any reasonably certain future damage, you will bear in mind, of course, the distinction between entire-life expectancy and work-life expectancy.

Those elements of damage that are related to future income should be measured only by Plaintiff's remaining work life expectancy, not his entire life expectancy.

## INSTRUCTION NO. 8

### Defendant's Claim for Punitive Damages

In addition to the claim of Plaintiff under the Jones Act, this case also involved a counterclaim by Defendant, Tennessee Valley Towing, for the return of maintenance and cure benefits that were paid by Tennessee Valley Towing to and on behalf of Plaintiff based upon alleged fraudulent misrepresentation and concealment.

A seaman who intentionally misrepresents or conceals medical facts from an employer while applying for work will forfeit his right to seek maintenance (a food and lodging allowance) and cure (medical care) if the misrepresentation or non-disclosed facts are material to the employer's decisions to hire him and there is a connection between the withheld information and the injury which is sustained. The Court has found as a matter of law in favor of Tennessee Valley Towing on the counterclaim and awarded it the $1,364.13 previously paid to Mr. Doughty for maintenance and cure.

The fact that the Court has found in favor of Tennessee Valley Towing on the counterclaim for the return of maintenance and cure has no bearing on whether the defendant was negligent under the Jones Act as instructed in Instruction No. 1 and it should not be considered by you as such. These are two totally separate claims.

In addition to recovery of the actual maintenance and cure paid, Tennessee Valley Towing also asserts a claim for an award of punitive damages. The law permits the jury under certain circumstances to award an injured person punitive damages in order to punish

the wrongdoer for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find from the evidence that Mr. Doughty acted with malice, willfulness or callous and reckless indifference to the rights of Tennessee Valley Towing, the law would allow you, in your discretion, to assess punitive damages against Mr. Doughty as punishment and as a deterrent to others.

The fact that I instruct you on punitive damages should not be taken by you as indicating one way or the other whether Tennessee Valley Towing is entitled to recover such damages. This is entirely for you to decide.

## III. JURY DELIBERATIONS

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

### REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you

can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.