## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**CIVIL ACTION NO. 5:04CV-173-JHM**

**ALVIN J. DOUGHTY**                                                                 **PLAINTIFF**

**VS.**

**TENNESSEE VALLEY TOWING, INC.**                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a bill of costs submitted by Defendant, Tennessee Valley Towing, Inc., requesting the Court to tax costs in the amount of $5,389.43 against the Plaintiff, Alvin J. Doughty, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 [DN 73]. Plaintiff filed objections to the bill of costs [DN 77]. Defendant submitted a reply [DN 79]. Fully briefed, this matter is ripe for decision.

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986). In Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437 (1987), the Supreme Court held that a district court may award costs only for those elements contained in 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant seeks to recover $ 5,389.43 as costs.  Plaintiff argues that Defendant's bill of costs includes items that are not recoverable under § 1920 or items which Defendant fails to demonstrate are "necessary" to its case as the statute requires.  In particular, Plaintiff focuses upon fees for the witnesses, copying costs, fees of court reporters, and cost of exhibits and videotapes.

### 1.  Witness Fee

Defendant requests $40.00 for the trial witness fee for Brad Hutchins.  Plaintiff argues that Defendant is not entitled to recover this cost because Mr. Hutchins did not testify during the trial.   Defendant represents that Mr. Hutchins was a necessary witness for the defendant and received a subpoena to testify at trial.   According to Defendant, the only reason Mr. Hutchins was not called as a witness was because the Court granted the Defendant judgment as a matter of law on its counterclaim during the trial.  The Court is satisfied that the Defendant could reasonably have believed that this witness was necessary when it subpoenaed him for trial.  Thus, Defendant is entitled to recover this expense.

## 2.  Fees for Exemplification and Copies of Papers

Defendant also requests $1,614.24 for exemplification and copies of papers.  Plaintiff argues that the Defendant has not provided any information as to the necessity of the photocopies sought to be included in its bill of costs.  In response, Defendant states that it provided a two-page itemization of the copy expenses, along with twenty pages of supporting documentation to justify recovery of such costs.  The majority of the charges relate to copies of Plaintiff's medical records from various providers.  Defendant contends that since Plaintiff conceded he sustained an injury to the same part of his back in 2001 that was at issue in this case, it was critical for Defendant to obtain the medical records for both injuries.

The Sixth Circuit has held that § 1920(4) permits parties to recover "costs of copying discovery materials and papers filed with court, such as pleadings and motions."  Cook v. VFS, Inc., 2000 WL 33727940, *6 (S.D. Ohio Sept. 27, 2000) (citations omitted).  Defendant has provided sufficient information about the records copied and how those copies were used.  The Court finds that the copies of Plaintiff's medical records and IRS records were necessary for use in the case.  Thus, Defendant is entitled to recover the cost of copying these records.

## 3.  Costs of Deposition

Plaintiff contends that the Defendant is not entitled to recover the costs of deposition transcripts of Mr. Brad Hutchins ($236.45), Ms. Judy Vance ($78.70) and Dr. Richard Colburn ($203.30) because the depositions were purely investigative.  As evidence of their investigatory nature, Plaintiff points to the fact that none of these individuals testified at trial.

3

Section 1920(2) authorizes taxation of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  "Simply because a deposition was not used or read into the record at trial does not mean that a deposition was not necessary."  <u>Hartford Financial Services Group, Inc. v. Cleveland Public Library</u>, 2007 WL 963320, *4 (N.D. Ohio March 28, 2007).  As noted by the Sixth Circuit, "'[o]rdinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party.  Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling.'"  <u>Sutter v. General Motors Corp.</u>, 100 Fed. Appx. 472, 475 (6th Cir. 2004) (quoting <u>Sales v. Marshall</u>, 873 F.2d 115, 120 (6th Cir. 1989)).

Defendant argues that these depositions were necessary at the time of their taking.  Defendant states that Mr. Hutchins was a crucial witness, but was not called as a witness at trial because the Court granted the Defendant judgment as a matter of law on its counterclaim.  Defendant also maintains that the depositions of both Dr. Colburn and Ms. Vance were both necessary to lay the foundation for trial exhibits 17-20 which were introduced and utilized by Defendant at trial.  The Court is satisfied that the copies of the depositions were necessary at the time they were taken to the preparation of Defendant's case.  Thus, these depositions are properly taxable costs.

### 4.  Extra Copy of Depositions

Plaintiff argues that the Defendant is not entitled to recover costs associated with having an extra copy of the depositions of Mr. Brad Hutchins ($78.60), Ms. Judy Vance

($13.90), Dr. Richard Colburn ($62.35), Alvin Doughty ($200.80), Kathy Rorer ($40.25), and Dr. George Schoedinger ($116.25).  While § 1920(2) authorizes recovery of costs of taking and transcribing depositions, such expenses are not taxable if borne principally for the convenience of the parties or their attorneys.  See United States Media Corp., Inc. v. Edde Entertainment, Inc., 1999 WL 498216, *9 (S.D.N.Y. July 14, 1999).   The Court is unpersuaded that the costs of the extra copies of these depositions should be charged to Plaintiff.  Defendant has offered no reason supporting the necessity of the extra copies.  For this reason, the Court sustains Plaintiff's objection to this expense.

### 5. Postage Costs

 Plaintiff argues that the Defendant is not entitled to reimbursement for the costs of postage which was added to the certain witnesses' transcripts: Kathy Rorer ($5.00); Morgan Jarrett ($4.05); Dr. George Schoedinger ($7.29 + $5.00); and Dr. Gray Stahlman ($5.00 + $30.00).  "Postage is not a taxable cost because it is an 'administrative expense' that 'represents the cost of doing business' and is an expense 'generally incurred for a party's convenience.'" Thalji v. Teco Barge Line, 2007 WL 2827527, * 2 (W.D. Ky. Sept. 28, 2007)(citations omitted).  Therefore, the Court sustains Plaintiff's objection to Defendant's request for postage expenses.

### 6. Exhibit Copies and Videotape Copy

Plaintiff objects to Defendant's recovery of costs for exhibit copies ($3.50) and a videotape copy ($85.00) associated with Dr. Schoedinger's deposition.  Plaintiff noticed Dr. Schoedinger's evidentiary deposition for use at trial.  Recovery by Defendant of the cost of

obtaining a copy of the transcript and videotape copy of the trial deposition noticed by the Plaintiff, as well as the exhibits utilized during the deposition, is entirely appropriate and qualify as taxable costs. See Rashid v. Communications Workers of America, 2007 WL 315355, *6 (S.D. Ohio Jan. 30, 2007); BDT Products, Inc. v. Lexmark International Inc., 405 F.3d 415, 420 (6th Cir. 2005). However, the bill for the videotape copy includes a charge for postage and handling which is not recoverable. Thalji, 2007 WL 2827527, *2. Because the invoice is not itemized, the Court examined the other shipping and handling charges submitted by Defendant and concludes that a $5.00 deduction from the $85.00 charge for shipping and handling is warranted.

Additionally, Plaintiff argues that the Defendant cannot recover the cost of the court reporter appearance fees because they are not listed in § 1920. Newman v. Housing Authority of City of Fort Lauderdale, 2007 WL 315098 (S.D. Fla. Jan. 31, 2007). Specifically, Plaintiff objects to the cost of court reporter appearance fees and/or per diem added to the transcripts of Dr. Schoedinger ($35.00), Kathy Rorer ($75.00), and Dr. Stahlman ($100.00).

As discussed above, under 28 U.S.C. § 1920(2), the district court has the authority to tax costs for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Sixth Circuit has addressed the recovery of the cost of court reporter appearance fees stating:

> Previously, this Circuit has noted that "subsections (2) and (4) of § 1920 have been interpreted to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions." Sales v. Marshall, 873 F.2d 115,

120 (6th Cir.1989).  The court reporter's appearance fee is necessary to take a deposition. Hence, the district court correctly determined that it was permissible to tax costs for the appearance fee.

Arrambide v. Wal-Mart Stores, Inc., 33 Fed. Appx. 199, 203 (6th Cir. April 4, 2002).  See also Mann v. Acclaim Financial Services, Inc., 348 F. Supp. 2d 923, 931 (S.D. Ohio 2004); Gutzwiller v. City of Chicago, 2007 WL 2298366, *3 (N.D. Ill. August 3, 2007) (citing Held v. Held, 137 F.3d 998, 1001 (7th Cir. 1998)); Andjelic v. Marken Marketing, Inc., 2007 WL 2021960, *2 (M.D. Fla. July 11, 2007); Blumenschine v. Professional Media Group, LLC, 2007 WL 988192, *22 (D. Conn. March 30, 2007).  Thus, the Court finds the court reporter appearance fees requested by Defendant to be reasonable and necessary.

### 7.  Videography Fees

Plaintiff also argues that the Defendant may not recover both the costs of the videography fees ($450.00) in addition to stenographic fees ($896.25) associated with Dr. Stahlman's deposition.  In the Sixth Circuit, taxing "both the cost of videotaping and transcribing a deposition" are permissible.  BDT Products, Inc., 405 F.3d at 420 (citing Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997)).  See also Hartford Financial Services Group, 2007 WL 963320, *5.  Therefore, the Court shall permit the taxation of both the costs of videotaping and transcribing depositions.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the requested bill of costs is approved with the exception of the following: (1) Defendant's costs for extra copies of certain depositions in the amount of **$512.15** are not recoverable and (2) Defendant's postage costs in the amount of **$61.34** are not recoverable.  Defendant is awarded costs in the

amount of **$4,815.94**.

cc: counsel of record